**E-FILED**
Friday, 25 August, 2006  09:51:05 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS


RONNIE DAVIS,
    Plaintiff,

vs.                                                                          06-4050

ROGER WALKER, et al.
    Defendants.


ORDER


This cause is before the court for a merit review of the plaintiff's claims.  The court is required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

The plaintiff, Ronnie Davis, has filed his lawsuit pursuant to 42 U.S.C. §1983 against five defendants including Director of the Illinois Department of Corrections Roger Walker, East Moline Correctional Center Warden Gene Jungwirth, Dr. W. Rankin, Dr. Roger Lubbers and Health Care Administrator Andrea Lashbrook.   The defendants are sued in their individual capacities. (Comp, p. 7)

The plaintiff's main contention is that the defendants violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition.  The plaintiff claims in March of 2005, he was taken to an outside hospital were Dr. Lubbers performed a biopsy to determine if the plaintiff has prostrate cancer.  It was determined that the plaintiff did not have cancer.

However, the plaintiff says as a result of the biopsy, he has developed new medical problems including serious pain and fluid from his rectum. (Comp, p. 4)   The plaintiff says he has filed numerous grievances, but the defendants have refused him further treatment

The plaintiff also says he continues to have to pay a two dollar co-payment each time he goes to the health care unit even though he has a chronic illness and should be exempt from this payment under state law.

The plaintiff has adequately alleged that Defendants Walker, Jungwirth, Rankin and

Lashbrook have violated his Eighth Amendment rights when they were deliberately indifferent to his serious medical condition. However, the plaintiff's complaint fails to state a claim against Dr. Lubbers. The plaintiff says Dr. Lubbers worked for an outside hospital, Trinity Cancer Center, and performed the biopsy. The plaintiff does not allege that Dr. Lubbers had any contact with the plaintiff after the biopsy, nor would it make sense that this doctor was involved in his care at the Moline Correctional Center.

The plaintiff's complaint states that it is based solely on the defendants failure to provide care AFTER the biopsy. (Comp., p. 7) However, if the pro se plaintiff had intended to claim that Dr. Lubbers committed malpractice when he performed the biopsy, this is not the proper forum and his claim should be made in state court. *See Ford v. Page,* 2001 WL 456427, at 6 (N.D.Ill. April 27, 2001) (allegations of negligence or medical malpractice do not state an Eighth Amendment claim). Therefore, the court will dismiss Dr. Lubbers from this lawsuit.

The plaintiff has also failed to state a violation of his constitutional rights based on the medical co-payment plan. Courts have repeatedly found that co-payment provisions for non-emergency care are constitutional, so prisoners may be charged for medical care as long as necessary medical care is not denied to those unable to pay for it. *Hudgins v. DeBruyn*, 922 F.Supp 144, 150-152 (S.D. Ind. 1996); *Martin v. DeBruyn*, 880 F. Supp. 610, 615 (N.D. Ind. 1995) *aff'd*, 116 F.3d 1482 (7th Cir. 1997), *Reynolds v Wagner*, 128 F.3d 166, 174 (3rd Cir. 1997).) The plaintiff does not allege that he has been denied treatment based on an inability to pay.

In addition, if the plaintiff believes the defendants have made a mistake in accessing the fee in his case, the court finds that the plaintiff has an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. *See Johnson v. Illinois Department of Corrections,* 2006 W.L. 741318 at 7(S.D.Ill. March 22, 2006). This claim will be dismissed.

**IT IS THEREFORE ORDERED that:**

> **1) Pursuant to its merit review of the complaint under 28 U.S.C. Section 1915A, the court finds that the plaintiff has alleged that Defendants Walker, Jungwirth, Rankin and Lashbrook violated the plaintiff's Eighth Amendment rights when they were deliberately indifferent to his serious medical condition. The claim is against the defendants in their individual capacities only.**

> **2) The plaintiff has failed to state any claims based on the medical co-payment plan and has failed to state a claim against Dr. Roger Lubbers. The clerk is directed to dismiss Dr. Lubber from this lawsuit.**

> **3) Any other intended claims based on federal law, other than those set forth in**

paragraph (1) above, are dismissed for failure to state a claim pursuant to 28 U.S.C. Section 1915A.

4)  This case shall proceed solely on those federal claims identified in paragraph one above.  Any claims not set forth in paragraph one above shall not be included in the case, except in the court's discretion on motion by a party for good cause shown, or by leave of court pursuant to Federal Rule of Civil Procedure 15.

5) A  Prisoner Scheduling Order shall be entered directing service and setting a Rule 16 conference date.

6)  A copy of this Case Management Order shall be served with the Complaint and Scheduling Order.

7)  The defendants shall file an answer within the time prescribed by Local Rule.  A motion to dismiss is not an answer.  The answer must be considered a responsive pleading under Federal Rule of Civil Procedure 15(a) and should include all defenses appropriate under the Federal Rules.  The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

Entered this   25th day of August, 2006.


                           s\Harold A. Baker

                    _____
                           HAROLD A. BAKER
                    UNITED STATES DISTRICT JUDGE